IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARC ALLEN MASON, PRO SE, <br> Randall County ID No. 33348, <br> Previous TDCJ-CID No. 778038, <br> Previous TDCJ-CID No. 1172158, <br> Previous TDCJ-CID No. 1378350, <br> Previous TDCJ-CID No. 1240227, <br><br> Plaintiff, <br><br> v. <br><br> TIM REID, FBI; JOEL RICHARDSON, <br> Sheriff - Randall County, Texas; and <br> AS YET UNIDENTIFIED PSYCHIATRIC <br> STAFF OF TRANSCEIVER IMPLANT <br> PROGRAM, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | 2:13-CV-0078 |

**ORDER DENYING PAUPER STATUS AND ORDER OF DISMISSAL**

Plaintiff MARC ALLEN MASON, acting pro se and while a prisoner incarcerated in the Randall County Jail, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants. Plaintiff did not submit an application to proceed in forma pauperis. The Court waives the requirement that plaintiff submit an application to proceed in forma pauperis, as it would not affect the outcome of this case.

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner who has had three prior civil actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in Title 28, United States Code, section 1915(g). A prisoner who has sustained three dismissals qualifying under the "three

strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The Court notes that plaintiff MASON has sustained at least three dismissals which fulfill the "three strikes" provision of the PLRA. Cause No. 2:05-CV-0088 was dismissed by the United States District Court for the Northern District of Texas, Amarillo Division, on June 21, 2005, as frivolous, and plaintiff's subsequent appeal was dismissed by the United States Court of Appeals for the Fifth Circuit as frivolous on July 31, 2006; and Cause No. 2:06-CV-0104 was dismissed by the United States District Court for the Northern District of Texas, Amarillo Division, on May 3, 2006, as frivolous and malicious, and plaintiff's subsequent appeal was dismissed on August 15, 2006.

Pursuant to Title 28, United States Code, section 1915(g), the Court FINDS plaintiff MARC ALLEN MASON may not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in Title 28, United States Code, section 1915 (g). Even if this cause were accompanied by the necessary motion, the grounds presented in the instant suit do not fall within the statutory exception. Plaintiff has alleged no fact fulfilling the statutory exception as construed by the Fifth Circuit. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

## CONCLUSION

For the reasons set forth above, the instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

It is SO ORDERED.

Signed this the _____ 21st day of May, 2013.

_____
MARY LOU ROBINSON
United States District Judge